IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROGER JON HERRERA III, AS HEIR OF LUCY ANN HERRERA, DECEASED,<br><br>*Plaintiff,*<br><br>vs.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, AS TRUSTEE FOR CASCADE FUNDING MORTGAGE TRUST HB2, BY AND THROUGH ITS MORTGAGE SERVICER, PHH MORTGAGE CORPORATION,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§  SA-22-CV-00702-JKP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All non-dispositive pretrial matters in this case were referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#7]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I.  Background and Analysis**

Plaintiff Roger Jon Herrera III filed this action on April 4, 2022, in state court against Defendant Wilmington Savings Fund Society, FSB, as Trustee for Cascade Funding Mortgage Trust HB2, by and through its Mortgage Servicer, PHH Mortgage Corporation ("PHH"), alleging breach of contract and seeking to prevent the foreclosure of his late mother's home. (Notice of

1

Removal [#1], at 2.)  Defendant removed the case to this Court on April 13, 2022, invoking this Court's diversity jurisdiction because Plaintiff is a citizen of Texas, Defendant is a citizen of New Jersey, and the amount of controversy exceeds $75,000.  (Notice of Removal [#1], at 1.)

Following removal, Defendant filed a Motion to Dismiss and Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, respectively, on August 11, 2022, arguing that Plaintiff lacks standing to bring this action for breach of contract because he lacks privity of contract with Defendant.  (Mtn. to Dismiss [#12].)  Any response in opposition to the motion was due on or before August 25, 2022.  *See* W.D. Tex. Loc. R. CV-7(d)(2).  Plaintiff failed to file a response to the motion.  Nor did he attempt to cure any deficiencies in his state court petition[1] by filing an amended pleading pursuant to Local Rule CV-15(a).

The parties were initially scheduled for an Initial Pretrial Conference on August 23, 2022, but the Court rescheduled the conference to September 14, 2022, after the parties failed to confer and file their ordered pre-conference filings.  (Order [#14], at 1.)  At that time, the Court also ordered both parties to show cause for their failure to follow the orders of this Court, on or before September 6, 2022.  (Order to Show Cause [#15].)  In the Show Cause Order, the Court warned the parties that a failure to show cause could result in sanctions up to and including dismissal of this case pursuant to Rule 41(b).  (*Id.*)

In response, Defendant unilaterally submitted a Rule 26 report and proposed scheduling recommendations certifying repeated attempts to confer with Plaintiff's counsel.  To date, Plaintiff has failed to confer with Defendant or to comply with this Court's Show Cause Order.

---

[1] Although Defendant's Notice of Removal [#1] and Index of Matters Being Filed [#2] indicate the Original Petition is attached as Exhibit 2, the petition was not included in Defendant's filings.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to follow multiple orders of this Court, failure to respond to the Court's Show Cause Order, failure to file a response in opposition to Defendant's motion to dismiss challenging Plaintiff's standing, and failure to comply with his obligations under Rule 26, the Court recommends that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

    SIGNED this 15th day of September, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE